Oral arguments not to exceed 15 minutes per side. Mr. Russell Stephan Bensing for the appellant. May it please the court, my name is Russ Bensing. I'm here on behalf of Thomas Thompson. I'd like to reserve three minutes of my time for rebuttal. I think there's a tendency to look at this as a case involving statutory construction and contractual interpretation, a plea agreement of course being a contract. And I don't think it is because the cardinal rule of statutory construction and contractual interpretation is you don't go there unless there is an ambiguity. I don't think there's any ambiguity in the statute. I don't think there's any ambiguity in what the court ordered here. And I think what the court ordered here falls clearly within the statute. Let's start with the statute, 1826. And that says basically that if a court orders a person to testify or provide other information including any book, paper, document, record, recording or other material, if the person refuses to do so, the court can incarcerate him for civil contempt but not longer than 18 months. So the next document you come to is the plea agreement. And the plea agreement specifies exactly what Mr. Thompson is supposed to do with regard to his criminal contempt citation. And he is to assist the parties in identifying and recovering assets defendant agrees to testify under oath at a proceeding amounting to a debtors examination to identify and recover assets. But the first sentence does say the defendant agrees to assist in identifying and recovering assets. So why does that not include hypothetically producing gold coins? I don't think it does, Your Honor, because he's supposed to provide information regarding those assets to allow them to be recovered. But when you're just reading that first sentence, defendant agrees to assist in identifying and recovering assets, that seems very broad. Well, how is he supposed to assist in recovering those assets? Suppose the defendant had the gold coins in a safe in his house. Oh, assets. Assisting would be to, assisting in recovering the assets would be here are the gold coins. Yeah, I agree with that. But again, if you look at the Armstrong case, which is clearly one involving the recovery of assets where the defendant is told produce these assets. Mr. Thompson was not told to produce assets. He was told to provide information to enable the recovery of the assets. Well, that first sentence doesn't say what you're saying it says. You're relying on the rest of that paragraph, but not the first sentence. Well, if. Don't you have to agree with me? Defendant agrees to assist in identifying and recovering assets. Yes, and then the second paragraph, I think they have to be read in paramateria because the second portion spells out how his assistance is to be offered by sitting for a deposition. And if you look further, if you look at the show cause motion that's found on page I.D. 128, the joint motion to enforce the plea agreement. What does the dispatch company ask for? It asked for him to be ordered to sit for an examination under oath and answer the questions posed to him and then provide discovery as required by the plea agreement. Then you look at what the judge did with regard to the. What he ordered him to do over time, each time they had a status conference or a contempt hearing. Once you perform the act by the court that is agree to sit down and participate in the debtors examination, this term of incarceration will be lifted. And doesn't that mean meaningful participation and answering information fully and completely to the extent of that person's knowledge? Oh, absolutely it does. But the problem is if he doesn't do that, he can be held in civil contempt, but that clicks in with 1826. And 1826 says you can't hold him for longer than 18 months if he doesn't do that. So if the hypothetical, if the plea agreement and the order simply said defendant must produce the gold coins, then 1826 would not apply. Is that right? Absolutely not. You're absolutely correct. I will agree with you on that one, Your Honor. And then the same thing with later in the hearings, page ID 712. If you go in there and answer the questions directly and honestly and not evasively, you can then purge yourself of contempt. On page 857, another status conference, it may be that the status conference will be unnecessary because he'll answer questions and will purge himself of the contempt over and over again. And the court clearly indicates that he can purge himself of contempt by sitting for the deposition. That's all it requires him to do. There's no requirement that he turn over assets. There's no requirement that there's nothing in the record here to indicate that he had assets. He had information regarding those assets. And the only way that the district court came up with the idea that that fell outside of 1826 was by looking at Armstrong and saying that in Armstrong the defendant was clearly ordered to turn over assets. And the district court here said giving information about assets is the same as turning over assets. There's no support for that in the case law. There's no support for that in logic. This record clearly demonstrates that Mr. Thompson was ordered to sit for a deposition and nothing more. He was required to answer questions. He didn't answer those questions, and he was held in contempt for it. But section 1826 says that the maximum period of contempt is 18 months, and that's what this court should enforce. Are there any further questions? Well, one question is if we were to think that the plea agreement was clear in that first sentence requiring assisting in recovering assets, should the later comments of the district judge change what is required of your client? Well, I think, again, as I said earlier, I believe that the plea agreement in full. You can't divorce that very first sentence from the rest of it. I do get that. Yes. I think that the later comments by the judge, I think the motion to enforce the plea agreement, that all focuses attention on what the defendant was supposed to do. That illuminates what the defendant was supposed to do, and what the defendant was supposed to do was sit for a deposition. So then the district judge, in your view, changes his mind when he actually decides on the applicability of 1826? Because at that point, the district judge has a little bit of a different view. Yes. That's when he looks to Armstrong, which he finds to be on all fours, which it's not even on all twos. Which you disagree with. I do get that. Yes. But what I'm seeing then is that the district judge has arguably evolved in his understanding of what this plea agreement says. Well, I think, yeah, when it comes time that somebody points out to him, hey, you can't hold this guy for longer than 18 months under this plea agreement, then the plea agreement becomes, well, it's a little bit more. But I think even at that point, had Mr. Thompson gone in and sat at a debtor's examination and answered all the questions, that would have purged him of contempt because that's exactly what the judge told him would happen. If he sat down, answered the questions truthfully, you will purge yourself of contempt. That was the judge's interpretation of this. What is our standard of review in this case? I think it's de novo. Where do you get that? Well, I think it's a legal question as to the applicability of 1826. And I think that a legal question is almost invariably reviewed de novo. I don't think the judge has the discretion to decide that 1826 doesn't apply. It either applies or it doesn't. But isn't there a question about what the plea agreement means and what standard of review should we apply to that? Again, I would dispute the characterization that the plea agreement is ambiguous. But even if you assume it's ambiguous, I think that still gets you back to de novo review. I think you have to review that as a question of law. Any further questions? Thank you. Thank you. May it please the court, Alexis Zuhairi on behalf of the United States. The district court's order here sought the same thing as the preliminary injunction did in the civil case. And that is the recovery of assets. And an order requiring assistance with the recovery of assets falls outside of the ambit of 1826. I want you to, particularly while it's still fresh in my mind, address counsel's argument that Armstrong is distinguishable from the facts in this case. I think Armstrong is absolutely analogous. And let me tell you why. In both cases, there were preliminary injunctions that were entered as to certain assets in order to secure them. In both cases, the defendants refused to cooperate. And in both cases, they were held in contempt. Now, there's a slight difference here. A turnover order wouldn't exactly work. And that's because Mr. Thompson took steps to hide the assets. But I'd still maintain that the language that Judge Moore was pointing to, seeking assistance with the recovery of assets, is absolutely akin to a turnover order. And it would certainly be a strange result here if Mr. Thompson, through his own bad actions, could somehow cap his confinement at 18 months, where Mr. Armstrong served in excess of seven years for civil contempt. So I think the district court was absolutely right in finding that Armstrong is analogous here. If this plea agreement did not have the first sentence, then wouldn't this be simply a requirement that the defendant testify at a debtor's examination? And wouldn't this be covered by 1826? It certainly would be a much more easier case in some ways because I wouldn't quibble with that testify language and that that would fall under 1826. But there's a caveat here. Mr. Thompson testified. He didn't refuse an order to testify. He sat for a debtor's examination for six hours. And he offered testimony. Now, did he assist in the identification and recovery of assets? No, he didn't. But he absolutely appeared and testified. And so that's an important distinction. But I'm just trying to figure out then, if he did appear and testify, and if testimony was all that was required under my hypo without that first sentence, then why doesn't 1826 apply to say he can be held in jail only for 18 months? I think that 1826 is agnostic as to the content of testimony. There are other mechanisms through which, you know, perjury, for example, if someone comes in and doesn't answer truthfully, but there's no requirement that they ‑‑ it doesn't apply where you fail to provide specific and helpful information. And that's what happened here. Mr. Thompson was evasive, but he absolutely appeared and answered questions. It's just that those answers did not assist in the identification and recovery of assets. And that is what the plea agreement required, and that is what the district court's order here required. So are you saying that he can be held indefinitely in jail because his answers that he gave at this debtor's examination did not assist? The United States is not saying that Mr. Thompson can be held indefinitely here. We're saying that 1826 is not a limit on his confinement. Due process absolutely would be a limit. There are other ways through which his confinement could be checked. So what would the due process limit be for somebody such as he who has not provided answers and assistance, as you say? The case law says that there must be a relationship between the confinement and the coercive purpose. So the purpose is to find out this information? Is that what the purpose is? The purpose is to recover assets. And the only reason he was in order to turn them over is because one of the defendant entities, before declaring itself bankrupt, transferred these gold coins to Mr. Thompson, who then stated in the civil case in a declaration and then stated in his debtor's examination here that he then transferred those to an irrevocable trust somewhere, maybe Belize, who knows, and really can't tell us much more than that. But even in your statements here, you say that you're not arguing that he could be held indefinitely. You said there are mechanisms, but you haven't said anything that would provide a mechanism or notice of a mechanism that this confinement could be checked. And the other issue is the plea agreement you've averted to, the government drafted that. So if this lacks specificity, should that be construed against the government under traditional and standard contract drafting rules? I don't think that it's ambiguous. I think that it's crystal clear in what he himself bargained for, and he got something in return. So since it's crystal clear, go back and tell me what the plea agreement called for that Mr. Thompson didn't do. Give me the variance there. It called for him to help identify and recover assets, namely these gold coins, which he's testified were in his possession and then were transferred. And let me give you an example. In this case, it became clear that there does exist a trust, and there was communication with a representative, and they said, we can't tell you anything unless Mr. Thompson signs a limited power of attorney. And the district court, interpreting its own order, said identify and recover here includes an action. It includes an action such as signing a limited power of attorney. And Mr. Thompson has refused. But I think I'd like to pivot there and talk a little bit about, if I've answered your question, of course, talk a little bit about the district court here. The district court, some deference needs to be given because the district court was interpreting in its own order. And the district court found here that identify and recover, paragraph 4A, did not merely require testimony. It specifically said it contemplated an action, such as signing a limited power of attorney. Okay, so you say the district court interpreted its own order. This is a plea agreement, though. This is a plea agreement between Thompson and the U.S., right? That's right, Your Honor. The language certainly comes from the party's plea agreement. And then the district court orders him to comply with paragraph 4. Okay, but normally when we're interpreting plea agreements, don't we read any ambiguities in favor of the defendant? I think that's true as a general matter. So why should we allow the district court to have some kind of imprimatur of interpreting this plea agreement when the district court's not a party to it? The district court's not a party to it. Of course, the district court, it's an 11C1C agreement, so the district court did approve it. I think the district court is certainly closer to the facts here. But to the extent Your Honor thinks that this court isn't as good of a position, that's totally fine because I think that the language here is quite clear. Identify and recover. Recover is extremely broad. And I'd add that based on Mr. Thompson So identify and recover, those actual words are defendant agrees to testify under oath at a proceeding, amounting to a debtor's examination, either comma or period, to identify and recover assets. So that's tied in with testify under oath at a proceeding, isn't it? I think that's the first necessary step. But I think the party has clearly contemplated that there would be other actions necessary to actually recover these assets. Could they have specified? Maybe they didn't know exactly what would be involved, but they could clearly have included some more definitive language to characterize his obligations or the obligations at least that they envisioned. I think that they also could have just said, Mr. Thompson needs to sit for a debtor's examination and answer questions. And the district court could have said that in its order too, but it didn't. It required him to comply with paragraph 4A. And the district court repeatedly comes back to this identify and recover language in finding that it requires something more. So if we could be precise about what the government contends Mr. Thompson must do to purge this contempt, what is it? As a starting matter, he should sign the limited power of attorney that he would allow a probing of the trust to determine if there's something in the trust, if the coins were actually transferred. So does it all also come down to these coins? Is that the only tangible? It didn't start that way, but yes. At this point, to the government's knowledge, that's the one tangible asset that remains, and that's the focus of the district court's efforts. And the coins are, I don't understand what they are. Are they restrike coins? Are they commemorative coins? The gold from the shipwreck was taken and put in these coins? Or what? I'm just making things up from what I hear. I might be too. So far as I can understand, yes, the gold is hauled and brought to shore, and then the gold bars are minted, and they're made into these little commemorative coins that I think may bear some hallmarks of that time period. Okay, and so we also have, at least my understanding is that there's some document that's been filed in the district court, document 154, which is a motion to terminate civil contempt sanctions in the district court, and it seems to indicate that there's been some agreement. Is this relevant to our case at all? I think that the document you're referring to is making the district court aware that, and I don't want to get too bogged down into the civil case because it's fairly complicated, but the part of the civil case that was remanded to state court, a jury verdict was entered in that case, and so I believe that Mr. Thompson is making a renewed motion to terminate civil contempt on that basis. It's the government's position. Of course, the district court, it's not to the extent. The district court has not ruled on it, as I understand it, because this motion was just filed on December 2nd. Nor has any party responded to it. So your position is that it is not relevant to our decision? That's correct, Your Honor, and I don't think that, I think this appeal remains ripe. So if Thompson refuses to sign the document that you want him to sign, the limited power of attorney vis-à-vis this trust, how long can Thompson be held in jail in civil contempt under your view? I think that that's a fact-intensive question, and it's a question for the district court in the first instance. And Mr. Thompson, I'd note, isn't arguing here and to my knowledge has not argued in the district court that he's unable to comply with the orders. So far as the case law is concerned, it's mostly interested in whether or not there's a coercive effect. Now, there are some others who believe that then-Judge Sotomayor said this in Armstrong that resolute unwillingness at some point needs to be treated similarly to an inability to comply. So, but that isn't before the court here today. We're here today on a fairly narrow issue. But it's certainly, the government is sensitive to due process, and it's certainly not the government's position that Mr. Thompson can remain confined indefinitely in this scenario. Is there a reason to treat civil contempt, the length of jail sentences and civil contempt, sentence is the wrong word, jail terms or whatever, is there a reason to treat it differently when it comes to testimony and refusals to testify versus a refusal to do this power of attorney? In other words, why would Congress have an 18-month limit under 1826 and that not be the appropriate limit to think of, even if we say this is not covered by 1826? I think if you look at the legislative history, the limit came from the coercive nature of civil contempt, which is generally at the conclusion of a proceeding, the coercive effect evaporates. And so the 18-month period initially, I think, was supposed to mirror the normal grand jury term, and they kept it at 18 months, even though there was a 36-month grand jury term because they were worried that maybe it could get more punitive. But I'd like to draw a distinction. I think that, to your point, testimony, Congress was envisioning a conscientious objector, a journalist seeking to protect someone. Here we have an obstructor. We have someone who's repeatedly refused to obey orders of courts, beginning in the civil case, and now here we are today. I see that my yellow light is on. If I may just make one additional argument as to why we don't think 1826 applies, and this is included in our brief, but we'd also note that Thompson does not qualify as a witness under this statute. A witness means someone who gives evidence in a cause. And here Thompson is a post-plea defendant who's been ordered to comply with his plea agreement, the plea agreement that he bargained for, that he agreed to, and more importantly, the assistance that he agreed to provide. It doesn't relate to the merits of any case. It relates to finding assets. And so I see my red light is on. For all those reasons, the United States asks the court to affirm. Thank you. Several points. First of all, this case would be just like Armstrong if the judge here had ordered Mr. Thompson to turn over the gold coins. That would have been a very simple order to do. And then however Mr. Thompson wants to do it, by signing a power of attorney, by giving information about it, he does it. But the order is to turn over the gold coins. That's not what you have here. And if you look at Armstrong, there is a definite order. You turn over this. You turn over the bullion. You turn over the computer. You turn over various items. There's no comparative order here. He's required to sit for a deposition. Now, I'm not suggesting that simply sitting for the deposition resolves the contempt issue. He has to give meaningful answers in the deposition, okay, in the debtor's examination. I don't dispute that. He can't just go there and say, I don't remember anything and purge himself of contempt. But that goes back to him being a witness. And he's very clearly covered by 1826. You resolved that in the Mitchell case where you held that the defendants who were required to give voice exemplars were covered by 1826. So I don't, I mean, it's a simple point. He's required to give testimony. That's the thing that the judge said repeatedly. If you sit down for the deposition, you give meaningful answers, you will purge yourself of contempt. That's what the judge said repeatedly. That's what he bargained for. If the government wanted something more, I mean, let's not enter into the delusion that a plea agreement in a criminal case is bargaining among equals. So do you agree then at this point that he did not give meaningful answers and therefore that he could be held but only for 18 months? That is exactly our position. Thank you. Thank you both for your argument. The case will be submitted. And would the clerk adjourn court?